UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| NEW TREND FOODS, LLC., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL NO. M-06-330 |
| | § | |
| KATO SUSHI RESTAURANT, *et al*, | § | |
| | § | |
| Defendants. | § | |

**<u>ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE ISSUE OF BREACH OF CONTRACT AND CONDITIONALLY DENYING DEFENDANTS' MOTION TO ENTER JUDGMENT</u>**

**I.   Background**

Now before the Court are Defendants' "Motion for Judgment on the Issue of Breach of Contract" (Doc. 85) and "Motion to Enter Judgment" (Doc. 86). On June 13, 2007, after a trial on the merits, a jury rendered a verdict in favor of Defendants Kato Sushi Restaurant ("Kato"), Martin Talavera, Jose Andres Ramirez, and Manuel Alonso on the claims of Plaintiff New Trend Foods, LLC, d/b/a Kumori ("Kumori") against Defendants for misappropriation of trade secrets and trade dress infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125. (Doc. 77).[1]  The jury also returned a verdict in favor of Kumori on the claims of Talavera, Ramirez, and Alonso against Kumori for defamation. *Id.*

The jury deadlocked on Kumori's claims against Talavera, Ramirez, and Alonso for breach of contract. *Id.* The jury found that each of these Defendants entered into an agreement with Kumori wherein as a condition of his employment he agreed not to use Kumori's proprietary information outside of Kumori. *Id.* However, the jury deadlocked

---

[1] As explained *supra*, the jury did not reach the question of whether Defendants engaged in unfair competition with Kumori, nor was it required to do so. (Doc. 77).

on the issue of whether these Defendants failed to comply with the agreement with Kumori—that is, whether Defendants breached the contract at issue. *Id.*

Defendants now ask the Court to enter final judgment on all of Kumori's and Defendants' claims in accordance with the jury's verdict. (Docs. 85, 86). Defendants contend that the jury implicitly found in favor of Defendants on Kumori's breach of contract claims by rendering a verdict in favor of Defendants on Kumori's claims for misappropriation of trade secrets. (Doc. 85). Kumori opposes Defendants' motions. (Docs. 87, 88).

## II.   Defendants' Motion for Judgment on the Issue of Breach of Contract

According to Defendants, the jury indicated that Defendants did not breach any agreement with Kumori not to use its proprietary information by finding that Defendants did not misappropriate any trade secret owned by Kumori. (Doc. 85). Defendants therefore ask the Court to enter final judgment on all of the claims tried to the jury, including Kumori's breach of contract claims on which the jury deadlocked. *Id.* At issue are the jury's answers to the following questions contained in the Court's charge:

> **JURY QUESTION NO. 1:**
>
> **Did any of the defendants listed below enter into an agreement with Kumori wherein as a condition of his employment he agreed not to use Kumori's proprietary information outside of Kumori?**
>
> **Answer "Yes" or "No" to as to each:**
>
> Martin Talavera           _____
> Jose Andres Ramirez       _____
> Manuel Alonso             _____
>
> **If you answered "Yes" to Question No. 1 as to any of the defendants, answer Question No. 2 as to that defendant(s)….**

**JURY QUESTION NO. 2:**

  **Did any of the defendants listed below fail to comply with his agreement with Kumori?**

  **Answer "Yes" or "No" to as to each:**

  Martin Talavera  _____
  Jose Andres Ramirez  _____
  Manuel Alonso  _____

**JURY QUESTION NO. 3:**

  **Did any of the defendants listed below misappropriate Kumori's trade secrets?**

**Answer "Yes" or "No" to as to each:**

  Kato Sushi Restaurant  _____
  Martin Talavera  _____
  Jose Andres Ramirez  _____
  Manuel Alonso  _____

  To establish that a defendant misappropriated Kumori's trade secrets, you must find each of the following by a preponderance of the evidence:

  1. Kumori owned a trade secret;
  2. the defendant used or disclosed the trade secret (a) in violation of a confidential or contractual relationship with Kumori; (b) after acquiring the trade secret by improper means; or (c) after acquiring the trade secret with notice that the disclosure was improper; and
  3. Kumori suffered damages resulting from the defendant's conduct.

  A "trade secret" is any formula, recipe, pattern, device, or compilation of information (proprietary information) used in one's business that gives one a competitive advantage over those who do not know or use it and that is in fact a secret. Proprietary information is "secret" if it is not generally known in the industry, readily ascertainable by inspection or independent investigation, or publicly disclosed. To determine whether proprietary information is secret, you must consider the following, non-exclusive list of factors….

(Doc. 77).

The jury answered "Yes" to Question No. 1 as to each Defendant, did not answer Question No. 2, and answered "No" to Question No. 3 as to each Defendant. *Id.* In

answering "Yes" to Question No. 1, the jury determined only that each individual Defendant entered into an agreement with Kumori wherein he agreed not to use Kumori's proprietary information outside of Kumori. *See id.* The jury did not resolve whether these Defendants in fact failed to comply with this agreement—that is, whether Defendants used any proprietary information belonging to Kumori outside of Kumori. *See id.* The jury did not necessarily resolve whether Defendants breached the contract at issue by finding that Defendants did not misappropriate any trade secret owned by Kumori, as the jury may have concluded that Kumori owned no information that was in fact "secret." *See Triple-Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 267 (5th Cir. 2007)(discussing distinction between confidential or proprietary information and trade secrets under Texas law); *Stewart & Stevenson Servs., Inc. v. Serv-Tech, Inc.*, 879 S.W.2d 89, 99 (Tex.App.-Houston [14th Dist.] 1994, writ denied)(no cause of action exists for misappropriation of confidential information that is not either secret or substantially secret). As the Court cannot discern how the jury arrived at its verdict on the misappropriation claims, it would be improper for the Court to conclude that the jury implicitly found for Defendants on Kumori's breach of contract claims.

Defendants also ask the Court to find that the evidence presented at trial establishes Defendants' entitlement to judgment in its favor on Kumori's breach of contract claims. (Doc. 85). The Court construes this request as a renewed motion for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 50(b). However, Rule 50 requires the movant to file its motion no later than 10 days after the jury was discharged if, as is the case here, the motion addresses a jury issue not decided by a verdict. *See id.* Defendants did not comply with

this requirement.[2]  Therefore, the Court may not consider Defendants' request for judgment as a matter of law on Kumori's breach of contract claims. *U.S. Leather, Inc. v. H&W P'ship*, 60 F.3d 222, 225 (5th Cir. 1995)(10 day period is jurisdictional and may not be extended by waiver of parties or by rule of district court).

### III.  Defendants' Motion to Enter Judgment

Regardless of the outcome of Defendants' request for entry of judgment on Kumori's breach of contract claims, Kumori objects to this Court's entry of judgment on the remaining claims for the following reasons: (1) the jury's verdict is contradictory and does not make logical sense; (2) the Court erred in premising the jury's finding that Defendants engaged in unfair competition on the existence of a trade secret; and (3) the requisites for entry of a partial judgment have not been met in this case, or in the proposed judgment.  (Doc. 88).  Although Kumori provides no argument in support of these objections, the Court will address each in turn. *See id.*

As discussed *supra*, the jury's finding regarding the existence of an agreement between Kumori and Defendants and its failure to find that any breach of that agreement occurred do not necessarily conflict with its determination that Defendants did not misappropriate any "secret" proprietary information owned by Kumori.  (Doc. 77).  In addition, the jury's indecision regarding whether each Defendant breached his agreement with Kumori does not contradict the jury's finding that Defendants did not infringe upon Kumori's "trade dress," or "total image." *See id.*

The Court recognizes that it premised the jury's consideration of whether Defendants engaged in unfair competition on an affirmative finding of trade secret

---

[2]  The Court discharged the jury on June 13, 2007 and Defendants filed their motion on July 6, 2007.  (Doc. 85).

misappropriation. (Doc. 77). Jury Question No. 4, which the jury did not reach,[3] provided as follows:

**JURY QUESTION NO. 4:**

**Did any of the defendants listed below engage in unfair competition with Kumori?**

**Answer "Yes" or "No" to as to each:**

| | |
|---|---|
| Kato Sushi Restaurant | _____ |
| Martin Talavera | _____ |
| Jose Andres Ramirez | _____ |
| Manuel Alonso | _____ |

To establish that a defendant engaged in unfair competition with Kumori, you must find each of the following by a preponderance of the evidence:

1. Kumori created a product (*i.e.*, proprietary information) through extensive time, labor, skill, and money;
2. The defendant used that product in competition with Kumori, thereby gaining special advantage in that competition because the defendant is burdened with little or none of the expense incurred by Kumori; and
3. commercial damage to Kumori resulting from the defendant's conduct.

*Id.*

The Fifth Circuit and Texas courts have instructed that without some finding of an independent substantive tort or other illegal conduct, liability cannot be premised on the tort of unfair competition. *Taylor Pub. Co. v. Jostens, Inc.*, 216 F.3d 465, 486 (5th Cir. 2000)(quoting *Schoellkopf v. Pledger*, 778 S.W.2d 897, 904-05 (Tex.App.-Dallas 1989, writ denied)); *RTLC AG Prods., Inc. v. Treatment Equip. Co.*, 195 S.W.3d 824, 833 (Tex.App.-Dallas 2006, no pet.)(quoting same). Therefore, pursuant to Defendants'

---

[3] The charge indicates that the jury answered "No" to Question No. 4 as to each Defendant but then crossed out these answers and wrote "N/A" to the right of the answer blanks, presumably because the Court's charge instructed the jury not to reach Question No. 4 if it had answered "No" to Question No. 3. (Doc. 77).

request, the Court instructed the jury to consider whether Defendants had engaged in unfair competition only upon a finding of liability on the underlying tort, misappropriation of trade secrets. (Docs. 57, 77).

However, the elements of unfair competition set forth in Kumori's proposed jury charge and included in the Court's charge track the elements of "unfair competition by misappropriation," itself an independent cause of action under Texas law. (Docs. 51, 77); *see* Dresser-Rand Co. v. Virtual Automation Inc., 361 F.3d 831, 839 (5th Cir. 2004)(quoting *U.S. Sporting Prods., Inc. v. Johnny Stewart Game Calls, Inc.*, 865 S.W.2d 214, 218 (Tex.App.-Waco 1993, writ denied)). Kumori did not plead this particular cause of action but rather pled as follows:

> **Count III-Tort of Unfair Competition**
>
> 19.    As previously noted, Defendants have told customers they were employees of Kumori, and essentially sold Kumori's sushi. Such conduct should not be tolerated, and constituted unfair competition. As a result, Plaintiffs has been damaged.

(Doc. 37).

In fact, Kumori gave no notice of its intent to pursue claims for unfair competition by misappropriation until it filed its proposed jury charge shortly before trial. (Doc. 51). Therefore, pursuant to the Fifth Circuit's decision in *Seatrax, Inc. v. Sonbeck Int'l, Inc.*, 200 F.3d 358 (5th Cir. 2000), this Court was not required to include the instruction for unfair competition by misappropriation in the charge. *See Seatrax*, 200 F.3d at 368. In *Seatrax*, the plaintiff pled claims for trademark infringement under the Lanham Act and misappropriation of trade secrets as well as a general claim for unfair competition. *Id.* at 363, 368. The plaintiff expressly alleged a claim for unfair competition by misappropriation for the first time in its pretrial order. *Id.* at 368. The trial court found

that the plaintiff failed to properly plead its claim for unfair competition by misappropriation, and thus provide adequate notice of such claim. *Id.* at 367. Therefore, the court declined to instruct the jury on the claim, and the plaintiff appealed. *Id.* Recognizing that a number of causes of action "fall under the penumbra of unfair competition under Texas law," the Fifth Circuit found that the plaintiff's "general allegation of unfair competition without additional qualifying language to identify a specific cause of action under unfair competition did not provide adequate notice" of a claim for unfair competition by misappropriation, and thus the court did not abuse its discretion in excluding the claim from the jury. *Id.* at 368. As Kumori did not provide adequate notice of the specific cause of action under the "penumbra" of unfair competition that it sought to pursue, the jury need not have considered whether Defendants engaged in unfair competition by misappropriation.

The Court construes Kumori's objection to the entry of a partial judgment as an appeal to the requirements set forth in, and embodied by, Federal Rule of Civil Procedure 54(b). That Rule provides as follows:

> When more than one claim for relief is presented in an action…, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all of the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

FED. R. CIV. P. 54(b).

The Fifth Circuit has directed that Rule 54(b) "strikes a balance between two conflicting interests. It preserves the longstanding federal policy against piecemeal

appeals while providing a means for avoiding the injustice that might result if judgment on a distinctly separate claim were delayed until adjudication of an entire case was complete." *Dole v. Phoenix Roofing, Inc.*, 922 F.2d 1202, 1207 (5th Cir. 1991); *see also Jasmin v. Dumas*, 726 F.2d 242, 244 (5th Cir. 1984). In other words, the Rule requires a court to weigh "'the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other.'" *Road Sprinkler Fitters Local Union v. Cont'l Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992)(quoting *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950)). A court should grant a Rule 54(b) certification only when that danger exists, "not routinely as a courtesy to counsel." *PYCA Indus., Inc. v. Harrison County Waste Waster Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996); *see also Jasmin*, 726 F.2d at 244 (Rule grants discretionary power to afford remedy in the infrequent harsh case).

Where, as here, "some of the same facts form the basis for several claims, the existence of separate claims for purposes of Rule 54(b) depends on an analysis of their distinctness." *Tubos de Acero de Mex., S.A. v. Am. Int'l Inv. Corp., Inc.*, 292 F.3d 471, 485 (5th Cir. 2002)(citing *Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 740-42 (5th Cir. 2000)). The Fifth Circuit has not expressly adopted a method for determining "distinctness." *Id.* at 485. However, it has recognized that other courts have looked to the possibility of separate recoveries, the underlying facts, and claim-preclusion rules in order to determine what constitutes a distinct claim. *Id.* (citing *Eldredge*, 207 F.3d at 741). Here, Kumori's claims for breach of contract and misappropriation do not permit more than one possible recovery, and a "strong factual overlap" exists among all the causes of action. *See Eldredge*, 207 F.3d at 742. Therefore, the Court cannot find that

the claims properly considered and disposed of by the jury are so distinct from Kumori's breach of contract claims that delaying entry of final judgment would pose the danger of denying justice. In other words, the settled federal rule against piecemeal appeals must prevail. Accordingly, the Court will refrain from entering final judgment pending resolution of Kumori's breach of contract claims.

### IV.     Conclusion

For the foregoing reasons, the Court hereby **ORDERS** that Defendants' Motion for Judgment on the Issue of Breach of Contract (Doc. 85) is hereby **DENIED**. (Doc. 85). The Court further **ORDERS** that Defendants' Motion for Judgment is hereby conditionally **DENIED** pending resolution of Plaintiff's breach of contract claims. (Doc. 86).

SO ORDERED this 31st day of March, 2008, at McAllen, Texas.

_____
Randy Crane
United States District Judge